UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Smith, | Court File No. _____ |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF REMOVAL** |
| Starbucks Corporation, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Starbucks Corporation ("Defendant" or "Starbucks") hereby removes this action to the United States District Court for the District of Minnesota. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support of this Notice, Defendant states the following:

**FACTUAL BACKGROUND**

1. Defendant first received notice of Plaintiff's Complaint when Defendant's counsel was electronically mailed a copy of Plaintiff's Summons and Complaint after 5:00 p.m. on July 30, 2019. Plaintiff also served the Complaint via U.S. mail on that same day.[1]

2. Although the case caption in the Summons and Complaint indicates the case is venued in the State of Minnesota, District Court of the Fourth Judicial District, the MNCIS Register of Actions does not contain a record of this action being filed in the District Court of the Fourth Judicial District. The Complaint alleges common-law

---

[1] Defendant's counsel consented to accept service on behalf of Defendant.

4847-1022-3777

promissory estoppel and defamation, and violation of the Minnesota Human Rights Act, Minnesota Statute section 363A.08.

3.    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiff's purported claims allegedly occurred in this district.

4.    As required by 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within 30 days after service upon Defendant of Plaintiff's initial pleading setting forth Plaintiff's claim for relief.

5.    The time for Defendant to answer the Complaint has not yet expired.

6.    On the date Plaintiff served her Complaint, Plaintiff was a resident of the State of Minnesota. Compl. ¶ 2.

7.    Defendant is a Washington corporation with its principal place of business in Seattle, Washington. Compl. ¶ 2.

## PLAINTIFF'S ACTION SATISFIES THE AMOUNT IN CONTROVERSY REQUIREMENT

8.    Plaintiff requested relief that includes a money judgment against Defendant including past wage loss, future wage loss, loss of benefits, trebled damages under the Minnesota Human Rights Act, attorneys' fees, costs, and disbursements,  a statutory civil penalty of punitive damages under the Minnesota Human Rights Act, damages for claimed promissory estoppel and defamation, and any further relief the Court deems just and equitable. Plaintiff specifically seeks damages in excess of $50,000 for each of her claims. Compl. ¶¶76, 82, 89.

2

9.    Plaintiff's action satisfies the first requirement of diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000. Federal courts have original jurisdiction over civil actions between diverse parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint requests an unspecified amount of damages, removal of the case under § 1332(a) is proper where the defendant demonstrates by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum. *Onepoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007) (citation omitted). The defendant can satisfy this burden "by submitting proof that the plaintiffs' verdict reasonably may well exceed the jurisdictional minimum, or if, on the face of the complaint, it is apparent that the claims are likely above that amount." *Kaufman v. Costco Wholesale Corp.*, 571 F. Supp.2d 1061, 1063 (D. Minn. 2008) (citation omitted). The jurisdictional question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

10.    The Complaint itself shows that the amount in controversy in this action between Plaintiff and Defendant far exceeds the $75,000 threshold for removal.

11.    Plaintiff seeks a wide variety of damages, including compensatory damages, front pay, and back pay. Plaintiff also seeks her attorneys' fees pursuant to Minnesota Statute section 363A.08. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (statutory attorneys' fees count toward the jurisdictional minimum). This Court has previously held that attorneys' fees awards of over $75,000

4847-1022-3777

are common in employment matters, and thus should be considered as part of a potential recovery exceeding the minimum requirement for amount in controversy:

> [T]he Court finds it more likely than not that, at the time of removal, [Plaintiff]'s potential recovery (including attorney's fees) exceeded $75,000. Fee awards over $75,000 are common in employment matters litigated through trial. *See, e.g., Maule v. Nicholson*, No. 04-1369, 2006 WL 3758390 (D. Minn. Dec. 20, 2006) (plaintiff requested $310,439.10 and was awarded $232,829.32 in attorney's fees after jury trial on single-plaintiff discrimination and retaliation claims); *Kidwell v. Sybaritic, Inc.*, 749 N.W.2d 855, 861 (Minn. Ct. App. 2008) (noting that the trial court awarded approximately $138,000 in fees following a jury trial in a single-plaintiff whistleblower case). [Plaintiff]'s claim involves novel and difficult questions of state law, and assessing her damages (if she suffered any damages) is likely to require an expert witness to do complex calculations. At the time [Plaintiff] removed her lawsuit, then, it was more likely than not that her damages, attorney's fees, and costs would exceed $75,000.

*Delsing & Boleng v. Starbucks Coffee Corp.*, Civ. No. 08-CV-1154 (PJS/JSM), 2010 WL 1507642, at *3 (D. Minn. Apr. 14, 2010).

12.     Moreover, the Court must look to the object Plaintiff seeks to accomplish through litigation when evaluating the amount in controversy. *MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 939, 943 (D. Minn. 2010) (citation omitted). Here, given that the Minnesota Human Rights Act allows for actual and punitive damages, Plaintiff has put punitive damages into controversy merely by asserting the claim, even if she is ultimately not successful on the claim. "[T]he Court may still consider [such damages] when calculating the amount in controversy, based on the *potential* for such damages in the future." *Esget v. Adecco USA, Inc.*, No. 12-2164, 2012 WL 4856302, at *2 (D. Minn. Oct. 12, 2012); *see also Delsing*, 2010 WL 1507642, at *2.

13.     Thus, Plaintiff's action meets the amount in controversy requirement under 28 U.S.C. § 1332(a).

4847-1022-3777

## PLAINTIFF'S ACTION SATISFIES THE DIVERSITY
## OF CITIZENSHIP REQUIREMENT

14.     This action is between citizens of different states, thereby satisfying the second prong of the diversity jurisdiction standard under 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Plaintiff alleges that, at the time the Complaint was filed, Plaintiff was a citizen of Minnesota and that Defendant is a Washington corporation Compl. ¶2. Defendant's principal place of business is in Seattle, Washington.

## SATISFACTION OF ADDITIONAL REMOVAL REQUIREMENTS

15.     Pursuant to 28 U.S.C. § 1446(a), Defendant has provided a copy of all process, pleadings, and orders served upon Defendant as attachments to this removal petition. A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal is being given to all adverse parties promptly after the filing of this notice of removal, as indicated in the attached certificate of service. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice, along with accompanying exhibits, will be filed with the District Court for Hennepin County, Minnesota.

16.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded any claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

5

17.    Defendant has met its burden to establish federal jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), thereby entitling Defendant to remove this case to this Court under 28 U.S.C. § 1441(a). Defendant respectfully requests that this Court assume jurisdiction over this case for all further proceedings.

Dated:  August 20, 2019                                    NILAN JOHNSON LEWIS PA

By:    _s/ Sarah B. Riskin_
Mark J. Girouard (#302880)
Sarah B. Riskin (#0388870)
Nicole F. Dailo (#0398129)
120 South 6th Street, Suite 400
Minneapolis, MN 55402
(612) 305-7500
mgirouard@nilanjohnson.com
sriskin@nilanjohnson.com
ndailo@nilanjohnson.com

ATTORNEYS FOR DEFENDANT

4847-1022-3777